**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

CHISHOLM HOLDINGS LLC,　　　　§
　　　　　　　　　　　　　　　　§
*Plaintiff,*　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
MESA UNDERWRITERS SPECIALTY　§　　CIVIL ACTION NO. 5:26-cv-01223-D
INSURANCE COMPANY.　　　　　　§
　　　　　　　　　　　　　　　　§
*Defendant.*　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S PETITION**

Defendant MESA Underwriters Specialty Insurance Company ("MUSIC," "Defendant") files its Answer and Defenses to Plaintiff Chisholm Holdings LLC's ("Plaintiff") Original Petition (the "Petition") and would respectfully show the Court as follows:

**STATEMENT OF FACTS**

1.　　　Admitted

2.　　　Defendant admits that it is a foreign entity authorized to engage in the business of insurance in the state of Oklahoma.

3.　　　Defendant admits that it entered into an insurance agreement with Plaintiff wherein Plaintiff paid premiums in exchange for insurance coverage protecting Plaintiff's Property, subject to the terms, conditions, exclusions, and limitations as stated in Policy Number MP003500100513201 (the "Policy).

4.　　　Defendant admits that it drafted the Policy and assigned Policy Number MP003500100513201 for Plaintiff's commercial property insurance coverage. Defendant admits

that the Policy's effective date was from June 20, 2024, to June 20, 2025, subject to the terms, conditions, exclusions, and limitations as stated in the Policy.

5.      Defendant denies the allegations in paragraph 5 of Plaintiff's Original Petition, insofar as the phrase "accidental direct physical loss" does not appear in the Policy. Defendant further states that the Policy itself, including its terms, conditions, exclusions, and limitations constitutes the best evidence of its contents and speaks for itself.

6.      Defendant admits that the Policy covers loss or damage caused by specified perils, including hail and windstorms, subject to all terms contained therein, as well as any endorsements to the Policy.

7.      Defendant admits only that the parties entered into an insurance contract represented by the Policy, which governs their respective rights and obligations. Defendant denies all other assertions within Paragraph 7 of the Petition.

8.      Defendant admits that a hailstorm occurred in Stephens County, Oklahoma and that said storm struck some portions of the exterior of Plaintiff's Property. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 8 of the Petition. To the extent that a further response is necessary, defendant denies the remaining allegations in Paragraph 8 of the Petition.

9.      Defendant admits that hail impacted certain portions of Plaintiff's property but denies the remaining allegations in Paragraph 9 of the Petition.

10.     Defendant admits that Plaintiff filed a claim under the Policy.

11.     Defendant admits that Defendant assigned the claim number 22828374.

**A.    Investigations, Reports, and Failure to Issue Payment for Covered Damage**

12.    Defendant admits that on January 8, 2026, Defendant's investigators visited the Property.

13.    Defendant denies the allegations within Paragraph 13 of the Petition.

14.    Defendant denies the allegations within Paragraph 14 of the Petition.

15.    Defendant denies the allegations within Paragraph 15 of the Petition.

16.    Defendant admits that, during its inspection, its investigator observed certain interior damage at the Property. Defendant denies that any such conditions constituted covered damage under the Policy and further denies any implication that it improperly evaluated the claim. Defendant denies any remaining allegations in Paragraph 16 of the Petition.

17.    Defendant denies the allegations in Paragraph 17 of the Petition.

18.    Defendant denies the allegations in Paragraph 18 of the Petition.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Petition. Defendant is without knowledge or information sufficient to form a belief as to the accuracy, completeness, or authenticity of such materials and therefore denies the same. Defendant further denies any characterization of such materials as establishing covered damage.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 20 of the petition that Plaintiff provided certain materials on or about January 19, 2026.

21.    Defendant denies the allegations in Paragraph 21 of the Petition.

22.    Defendant denies the allegations in Paragraph 22 of the Petition.

23.     Defendant admits the allegations in Paragraph 23 of the Petition.

24.     Defendant denies that it failed to communicate with Plaintiff or that it had not provided information regarding the status of the claim prior to that date and denies all remaining allegations in Paragraph 24 of the Petition.

25.     Defendant admits that it retained EFI Global to assist in its assessment of damage but denies the remaining allegations in Paragraph 25 of the Petition.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Petition.

27.     Defendant admits the allegations in Paragraph 27 of the Petition.

28.     Defendant denies the allegations in Paragraph 28 of the Petition.

29.     Paragraph 29 of the Petition requires no response as the allegations contained therein constitute legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendant incorporates by reference its answers to the foregoing Paragraphs 1-29 to the allegations in the Petition and denies the allegations contained in Paragraph 29 of the Petition.

30.     Defendant denies the allegations in Paragraph 30 of the Petition.

31.     Defendant denies the allegations in Paragraph 31 of the Petition.

32.     Defendant denies the allegations contained in Paragraph 32 of the Petition.

33.     Defendant denies the allegations contained in Paragraph 33 of the Petition.

34.     Defendant denies the allegations in Paragraph 34 of the Petition.

35.     Defendant denies the allegations in Paragraph 35 of the Petition.

36.     Defendant denies the allegations in Paragraph 36 of the Petition.

**B.      Policy Compliance**

37.      Defendant admits that Plaintiff complied with certain post-loss obligations under the Policy. Defendant denies any implication that such compliance entitles Plaintiff to coverage under the Policy and further denies any implication that it improperly evaluated the claim. Finally, Defendant denies that Plaintiff met all conditions precedent.

## STATUTORY AUTHORITY

38.      Paragraph 38 of the Petition requires no response as the allegations contained therein constitute legal arguments and conclusions to which no response is required.

39.      Paragraph 39 of the Petition requires no response as the allegations contained therein constitute legal arguments and conclusions to which no response is required.

## FIRST CAUSE OF ACTION

**A.      Breach of Contract**

40.      Paragraph 40 of the Petition requires no response. To the extent necessary, Defendant incorporates by reference its responses to Paragraphs 6 through 39 of the Petition and denies any allegations to the extent not previously admitted.

41.      Defendant admits the allegations in Paragraph 41 of the Petition.

42.      Defendant admits that a hailstorm occurred during the Policy Period but denies that Plaintiff's Property sustained covered damage as alleged in Paragraph 42 of the Petition. Defendant denies all remaining allegations in Paragraph 42 of the Petition.

43.      Defendant denies the allegations in Paragraph 43 of the Petition.

44.      Defendant denies the allegations in Paragraph 44 of the Petition.

## SECOND CAUSE OF ACTION

**B.    Tortious Bad Faith**

45.    Paragraph 45 of the Petition requires no response. To the extent necessary, Defendant incorporates by reference its responses to Paragraphs 6 through 44 of the Petition and denies any allegations to the extent not previously admitted.

46.    Defendant admits the allegations in Paragraph 46 of the Petition, subject to the terms, conditions, exclusions, and limitations as stated in the Policy.

47.    Defendant admits that Defendant owed Plaintiff a common law duty of good faith and fair dealing and maintains that it complied with that duty.

48.    Defendant denies the allegations contained in Paragraph 48 of the Petition.

49.    Defendant denies the allegations contained in Paragraph 49, and all subparts thereto, of the Petition.

50.    Defendant denies the allegations contained in Paragraph 50 of the Petition.

51.    Defendant denies the allegations contained in Paragraph 51 of the Petition.

52.    Defendant denies the allegations contained in Paragraph 52 of the Petition.

53.    Defendant denies the allegations in Paragraph 53 of the Petition.

54.    Defendant denies the allegations in Paragraph 54 of the Petition.

55.    Defendant denies the allegations in Paragraph 55 of the Petition.

## CONDITIONS PRECEDENT

56.    Defendant specifically denies the allegations in Paragraph 56 of the Petition.

## PRAYER

57.     Plaintiff's Prayer requires no response. To the extent necessary, Defendant denies that Plaintiff is entitled to the relief requested in its Prayer for Relief, or any relief whatsoever, and demands that Plaintiff's claims for breach of contract and tortious bad faith be denied in their entirety.

## DEFENSES

58.     Defendant, by way of further answer and defense, but not in diminution or derogation of the admissions or denials set forth hereinabove, and subject to the amendment at the conclusion of all pretrial discovery, alleges and states as follows:

59.     Plaintiff's claim is barred, in whole or in part, on the basis that Plaintiff's petition fails to state a claim against Defendant upon which relief can be granted.

60.     Plaintiff's claim is subject to and limited by all of the terms, conditions, limitations, sublimits, exclusions, and deductibles contained in the Policy.

61.     Plaintiff's claim is barred, in whole or in part, to the extent that physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

62.     Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause and those caused by non-covered losses such as damages that occurred prior to the inception of the Policy and/or damages that were caused by excluded causes of loss under the Policy.

63.     Plaintiff's claim for attorney's fees is barred, in whole or in part, by the doctrine of excessive demand.

64.     Plaintiff's claim is subject to the appraisal provision of the Policy, which applies in the event of any disagreement as to the amount of loss. Defendant specifically reserves its rights to demand appraisal, if warranted, under the appraisal provision of the Policy.

65.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Defendant would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; and (iii) the reasonable and necessary measures to repair or replace any covered loss or damage.

66.     Plaintiff's claim is reduced by the amount of the applicable deductible(s), coinsurance penalty, and any prior payment for its insurance claim. Defendant is entitled to an offset or credit in the total amount of Plaintiff's deductible(s) and any prior payments.

67.     Plaintiff's claim for alleged bad faith is barred to the extent that Plaintiff did not sustain damages (if any) independent of the claimed benefits under the Policy.

68.     Coverage for Plaintiff's claim is limited by the Policy's exclusions, which include the following:

> 2.  We will not pay for loss or damage caused by or resulting from any of the following:
>
>         \*\*\*
>
>     d.  (1) Wear and tear;
>         (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in a property that causes it to damage or destroy itself;
>
>         \*\*\*

f.  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

*\*\**

m.  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

*\*\**

3.  We will not pay for damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

*\*\**

d.  Faulty, inadequate or defective:

(1) Planning, zoning, development, surveying, siting;

(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance;

of part or all of any property on or off the described premises.

*\*\**

69.    Coverage for Plaintiff's claim is also limited by the Policy's limitations, which include the following:

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

*\*\**

c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

---

(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

(2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

70.     Coverage for Plaintiff's claim is also limited by the Limitations on Coverage for Roof Surfacing endorsement included in the Policy wherein Paragraphs A, B and C apply:

**LIMITATIONS ON COVERAGE FOR ROOF SURFACING**

A.  The following applies with respect to loss or damage by a **Covered Cause of Loss (including wind and hail if covered)** to a building or structure identified in the Schedule as being subject to this Paragraph **A.**:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

B.  The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B.:**

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

C.  For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

***

71.     Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff's claim does not exceed the applicable 2% subject to $5,000 minimum deductible.

72.    Coverage for Plaintiff's claim is limited by the Policy's Duties in Event of Loss or Damage provision, which requires that Plaintiff give prompt notice of the loss or damage, provide a description of how, when, and where the loss occurred, protect the property from further damage, and cooperate in the investigation of the claim.

73.    Plaintiff's claim is barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

74.    To the extent there is any coverage under the Policy, Plaintiff's failure to mitigate, minimize, or otherwise avoid any losses or damages, must reduce recovery against Defendant.

75.    Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

76.    Any award of punitive damages based upon vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the Oklahoma Constitution. Plaintiff's claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

      a.    The Commerce Clause of Article I, Section 8 of the United States Constitution;

      b.    The Contracts Clause of Article I, Section 10 of the United States Constitution;

c.  The prohibition against ex-post facto laws embodied in Article I, Section 10 of the United States Constitution;

d.  The Supremacy Clause of Article VI of the United States Constitution;

e.  The Free Speech Clause of the First Amendment of the United States Constitution;

f.  The Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.  The Takings Clause of the Fifth Amendment of the United States Constitution;

h.  The Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

i.  The right-to-trial by jury contained in the Seventh Amendment of the United States Constitution; and

j.  The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as well as the corresponding provisions of the Oklahoma Constitution.

77.  Plaintiff's claim for punitive or exemplary damages is improper for the following reasons:

a.  There are no adequate standards provided by Oklahoma law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the awards;

b.  Defendant acted reasonably at all times and fully discharged its duties as an insurance carrier;

c.  The procedures to be followed could permit the award of multiple punitive damages for the same act or omissions;

d.  The procedures under which punitive damages are awarded and the instructions used under Oklahoma law, jointly and separately, are vague and ambiguous and therefore, fail to eliminate the effects of, and to guard against, impermissible jury passion;

e.  Present Oklahoma law does not provide for sufficient objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages, and if so, on the amount to be awarded;

f.  Present Oklahoma law does not provide for a meaningful opportunity for challenging the rational basis for, and the excessiveness of, any award of punitive damages;

g.  Present Oklahoma procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined; and

h.  Present Oklahoma procedures fail to permit the reduction of any award for punitive damages based on the culpability of the plaintiff.

## **RESERVATION OF RIGHTS**

78.  Defendant reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant MUSIC prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which MUSIC may be justly entitled, whether at law or in equity.

Respectfully submitted,

By: */s/ Shannon M. O'Malley*
    Shannon M. O'Malley
    OBA No. 33451
    somalley@zellelaw.com
    Nicholas J. Smetzer (*pro hac vice to be filed*)
    Texas Bar No. 24130071
    nsmetzer@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of June, 2026, a true and correct copy of the foregoing document was served upon all known counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

Andrew D. Spadoni
OBA No. 36876
aspadoni@dcclawfirm.com
DUGAS & CIRCELLI, PLLC
4800 Bryant Irvin Court
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile: (682) 219-0761

**ATTORNEY FOR PLAINTIFF**

*/s/ Shannon O'Malley*
Shannon O'Malley